IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 23-cr-222-GPG

UNITED STATES OF AMERICA,

    Plaintiff,

v.

3.  JOVAN WALKER,

    Defendant.

---

**GOVERNMENT'S UNOPPOSED MOTION FOR A PROTECTIVE ORDER**

---

    The United States of America moves this Court pursuant to Fed. R. Crim. P. Rule 16(d)(1), for entry of the attached Protective Order pertaining to a subset of discovery in the above-captioned case, and states as follows in support thereof:

    1.    On July 26, 2023, the grand jury returned a superseding indictment charging defendant JOVAN WALKER in two counts. Count One charges a violation of 18 U.S.C. § 1955 (maintaining an illegal gambling business) and Count Two charges a violation of 18 U.S.C. § 371 (conspiracy to maintain an illegal gambling business). ECF #6.

    2.    The defendant made his initial appearance in this District on September 27, 2023. ECF #39.

    3.    During the Government's investigation in this matter, it collected voluminous financial records, some of which contain sensitive financial information and

documents of people other than the defendant and entities that were not under the control of the defendant but which nevertheless which the Government believes are relevant to the charged conduct in this case ("Protected Financial Information"). In addition, the Government's investigation included interviews of cooperating witnesses, and the Government intends to produce reports of those interviews that may reveal personal information about those witnesses ("Protected Witness Information").

4. Accordingly, the Protected Financial Information and the Protected Witness Information (together, the "Protected Discovery Material") may contain personal, sensitive, or proprietary identifying information of individuals and entities.

5. To ensure compliance with the Government's discovery obligations and to expedite the exchange of discovery material between the parties, the Government requests that a protective order be entered as to the Protected Discovery Material.

6. Rule 16(d)(1) of the Federal Rules of Criminal Procedure authorizes this Court to "deny, restrict, or defer discovery or inspection, or grant other appropriate relief" upon a showing of good cause.

7. Here, there is good cause for this Court to restrict the defendant's use, dissemination and disposition of the Protected Discovery Material according to the terms set forth in the Protective Order because it: will expedite the disclosure of discovery to defendant WALKER by eliminating the need for the United States to perform a document-by-document evaluation of the relevance and sensitivity of the information contained in the materials, and it will allow the United States to provide extensive discovery to defendant WALKER, while protecting the personal and sensitive information of the individuals and entities.

8. Because WALKER currently suffers from a health condition that limits his ability travel, the Protective Order addresses how the Protected Discovery Material may be disseminated to the defendant.

9. Undersigned counsel has conferred with counsel for defendant WALKER, and he does not object to entry of the proposed Protective Order.

10. For these reasons, the Government requests this Court enter limitations on the defendant's use, dissemination, and disposition of the Protected Discovery Material as set forth in the proposed Protective Order that is submitted with this motion.

Respectfully submitted this 29th day of September, 2023.

COLE FINEGAN
United States Attorney

By: *s/ Andrea Surratt*
ANDREA SURRATT
Assistant United States Attorney
1801 California St. Suite 1600
Denver, CO 80202
Telephone 303-454-0100
Email: andrea.surratt@usdoj.gov
Attorney for the Government