IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 23-cr-222-GPG

UNITED STATES OF AMERICA,

    Plaintiff,

v.

**3. JOVAN WALKER**

    Defendant.

---

### AMENDED UNOPPOSED MOTION FOR ENDS OF JUSTICE CONTINUANCE

    Jovan Walker, through CJA counsel Barrett Weisz, requests that the Court grant an ends of justice continuance, exclude 180 days from the speedy trial deadlines pursuant to 18 U.S.C. §3161(h)(7)(A), (B). Mr. Walker states the following grounds:

    1.    Mr. Walker is charged with one count of prohibition of illegal gambling business pursuant to 18 U.S.C. § 1955 and one count of conspiracy pursuant to 18 U.S.C. § 371. Each count carries up to 5 years in prison.

    2.    On October 20, 2023, defense counsel received initial discovery from the government and has been advised that a supplemental production is in progress. The initial discovery contains over 60,000 items made up of PDF documents, JPEG files, and media files of various lengths. The supplemental production has not been surveyed but was too large to download via USAFX and a external drive is being provided by the government.

3. Mr. Manner is out of custody residing in Hot Springs, Arkansas and has a serious heart condition that prevents him from traveling out of state on the order of his physician. Defense counsel maintains offices in Denver, Colorado so these circumstances will necessarily require more time for attorney client meetings even with the use of video and telephone meetings.

4. Based on communications with Mr. Walker and the survey of initial discovery, the following items must be completed:

    a. Review the voluminous discovery for information relevant to Mr. Walker and analyze the same;

    b. Consultation with Mr. Walker concerning investigation, defenses, potential sentence, potential plea bargains, and trial;

    c. Research and draft potential pretrial motions which may include suppression of evidence based on illegal searches/seizures, severance of defendants, issues concerning co-conspirator statements, and constitutional attacks on the Colorado state statue that is the basis of the government's case.

    d. Investigation including interviewing many potential witnesses who are either out of state or may be difficult to locate;

    e. Preparation for trial.

5. 18 U.S.C. §3161(h)(8)(B)(i)-(iv), sets forth the factors a Court must consider in determining whether to grant an ends of justice continuance. One factor is "whether the failure to grant such a continuance would be likely to make a continuation of such proceeding impossible or result in a miscarriage of justice." 18 U.S.C. §3161(h)(8)(B)(i). Another factor is whether "the

failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii),…would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." Given the amount and nature of discovery, the travel necessary to meet with Mr. Walker, the potential pretrial motions issues, the need for investigation, and the time for trial preparation, the failure to grant the requested continuance will result in a miscarriage of justice and deny counsel reasonable time for effective preparation.

6. Pursuant to *United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987), the Court must consider the following factors when presented with a motion to continue: "the diligence of the party requesting the continuance; the likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance; the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance; the need asserted for the continuance and the harm that appellant might suffer as a result of the district court's denial of the continuance." Here, defense counsel has demonstrated diligence in short time he has been appointed and will continue to do so. The requested continuance is necessary to allow meaningful client communication, full review and analysis of voluminous discovery, analysis and preparation of pretrial motions, and preparation for trial - the precise reasons for the requested continuance. There is no indication that the requested continuance would cause an inconvenience to the Court or the government. Denial of the requested continuance will leave Mr. Walker without sufficient meaningful time to prepare his case and consequently deny him constitutional right to effective assistance of counsel and right to a defense.

7. The decision to grant an ends of justice continuance is within the sound discretion of the Court and is reviewed under an abuse of discretion standard. *United States v. Toombs*, 574 F.3d 1262 (Tenth Cir. 2009). "Adequate preparation time is a clearly permissible reason for granting a continuance and tolling the Speedy Trial Act." *United States v. Gonzales*, 137 F.3d 1431, 1435 (10th Cir. 1998).

8. Mr. Walker is aware this motion is being filed and consents to the requested exclusion of time.

9. Defense counsel communicated with AUSA Andrea Surratt and is authorized to state that the Government does not oppose this Motion.

10. Defense counsel communicated with counsel for co-defendant Jonathan Arvay who agrees only to an extension of the speedy trial deadline to February 29, 2024.

11. If this request to exclude 180 days from speedy trial is granted, speedy trial will expire June 4, 2023.

Respectfully submitted this 2nd day of November, 2023.

/s/ Barrett Weisz
Barrett Weisz
Nielsen Weisz, LLC
1800 15th Street, Suite 101
Denver, CO  80202
(303) 443-0521
Barrett@nwlitigation.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 2nd day of November 2023, I filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

                                                    */s/ Barrett Weisz*
                                                    Barrett Weisz